## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | LaTOSHA DAVIS, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| v. | | ) | Case No. CIV-17-  968-R |
| | | ) | |
| 1. | INTERIM HEALTHCARE OF | ) | |
| | OKLAHOMA CITY, INC, | ) | |
| | | ) | |
| | Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1.    The Plaintiff is LaTosha Davis, an adult resident of Pottowatomie County, Oklahoma.

2.    The Defendant is Interim HealthCare of Oklahoma City, Inc., a domestic for profit business corporation operating in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.    Plaintiff's claims are for discrimination on the basis of race and retaliation, including creation of a hostile working environment and termination, in violation of Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-Discrimination Act. Jurisdiction over the federal claims is vested in this Court under and 28 U.S.C. § 1331.  The state law claims arise out of the same core of facts and jurisdiction over them is vested under 28 U.S.C. § 1367(a).

4.    Venue is provided by 42 U.S.C. § 2000e-5(f)(3) under which jurisdiction is

appropriate in any district in the State. Plaintiff worked out of Oklahoma County, Oklahoma, and Defendant may be served in that county. Oklahoma County is located in the Western District of the United States District Court of Oklahoma. Wherefore, venue is proper in this court.

## STATEMENT OF FACTS

5.      Defendant employed fifteen (15) or more employees during each of at least twenty (20) weeks of the current or proceeding calendar year, and is a covered employer under Title VII. There is no minimum number of employees required to be covered by the OADA.

6.      Plaintiff LaTosha Davis, an African American female, was employed by Defendant from around April 18, 2017, until her termination on or around May 17, 2017, as a recruiter.

7.      At all times, Plaintiff was qualified for her job position.

8.      At all times, Plaintiff performed her job duties satisfactorily.

9.      During her employment with Defendant, Plaintiff experienced targeting and differential treatment from Lisa James, (Caucasian) BDR Manager, including but not limited to the following:

    A.      Ms. James singled Plaintiff out to comment on her clothing during orientation, stating she was dressed too casually even though Plaintiff was dressed properly under the dress code;

    B.      Ms. James required Plaintiff to conduct an interview of a Caucasian

-2-

candidate at a time and for a position which Defendant was not hiring, and

required Plaintiff to attend such interview in violation of protocols;

C.     Ms. James required Plaintiff to get at the end of the line for a staff

breakfast, allowing the Caucasian employees to eat first.

10.   On or around May 16, 2017, Plaintiff was summoned to a meeting with her

supervisor, Bethany Gonzales, due to purported complaints about Plaintiff being

on her cell phone.

11.   Plaintiff objected to such complaints and advised Ms. Gonzales that the use of her

cell phone was business-related and in the performance of her duties. Ms.

Gonzales advised that such usage was allowable by Plaintiff.

12.   During the meeting on the 16th, Plaintiff complained to Ms. Gonzales of her

concerns about the differential treatment by Ms. James, and that she felt such

treatment was race-based.

13.   Ms. Gonzales agreed to investigate Plaintiff's complaints about discrimination,

and agreed to move Plaintiff's desk away from Ms. James'.

14.   On or around May 17, 2017, Ms. Gonzales called Plaintiff to inform her that in

investigating Plaintiff's complaints, she had learned Plaintiff complained to other

employees and was going to quit her job. Plaintiff denied stating she was going to

quit.

15.   In response, Ms. Gonzales advised Plaintiff that she did not want to spend her time

investigating Plaintiff's complaints and that she (Ms. Gonzales) was terminating

Plaintiff's employment.

16.     The real reason for Plaintiff's termination was Plaintiff's protected complaints of discrimination on the basis of race, which took place one day prior to her termination.

17.     Motivating factors for Plaintiff's termination were Plaintiff's race and/or her complaints of retaliation.

18.     As a direct result of Defendant's actions, Plaintiff has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, and sadness.

19.     Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around May 17, 2017. The EEOC issued Plaintiff's right to sue letter on August 2, 2017, and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

20.     Discrimination based on race and retaliation for complaining of the same are prohibited by Title VII and by the Oklahoma Anti-Discrimination Act.

21.     Under Title VII and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

22.     Under Title VII, Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

23.   Because the actions of Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

24.   Under Oklahoma law, Plaintiff is entitled to liquidated damages in an amount equal to her actual damages.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 8TH DAY OF SEPTEMBER, 2017.**

HAMMONS, GOWENS, HURST
& ASSOCIATES

s/ Leah M. Roper_____
Mark E. Hammons, OBA #3784
Amber L. Hurst, OBA # 21231
Leah M. Roper OBA # 32107
HAMMONS, GOWENS & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Leah@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED